1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6
7    BRANLETT EUGENE KIMMONS,                    Case No.  14-cv-00954-JD

8              Plaintiff,

9         v.                                      **ORDER OF SERVICE**

10   A. AVILAR, *et al.*,

11             Defendants.

12

13        Plaintiff, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983.

14   Plaintiff's complaint was dismissed with leave to amend and he has filed an amended complaint.

15                                  **DISCUSSION**

16   **I.    STANDARD OF REVIEW**

17        Federal courts must engage in a preliminary screening of cases in which prisoners seek

18   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

19   § 1915A(a).  In its review, the Court must identify any cognizable claims, and dismiss any claims

20   which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

21   monetary relief from a defendant who is immune from such relief.  *Id*. at 1915A(b)(1),(2).  Pro se

22   pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th

23   Cir. 1990).

24        Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

25   claim showing that the pleader is entitled to relief."  Although a complaint "does not need detailed

26   factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to

27   relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

28   cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above

United States District Court
Northern District of California

the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## II.   LEGAL CLAIMS

Plaintiff alleges that correctional officers confiscated his property and assaulted him. Neither the negligent nor intentional deprivation of property states a due process claim under § 1983 if the deprivation was random and unauthorized. *See Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), overruled in part on other grounds, *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property). The availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides sufficient procedural due process. *See Zinermon v. Burch*, 494 U.S. 113, 128 (1990) (where state cannot foresee, and therefore provide meaningful hearing prior to, deprivation statutory provision for post-deprivation hearing or common law tort remedy for erroneous deprivation satisfies due process); *King v. Massarweh*, 782 F.2d 825, 826 (9th Cir. 1986) (same). California law provides such an adequate post-deprivation remedy. *See Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).[1]

---

[1] A prisoner is not protected by the Fourth Amendment against the seizure, destruction or conversion of his property. *See Taylor v. Knapp*, 871 F.2d 803, 806 (9th Cir.), *cert. denied*, 493 U.S. 868 (1989).

United States District Court
Northern District of California

United States District Court
Northern District of California

1    The treatment a prisoner receives in prison and the conditions under which he is confined

2    are subject to scrutiny under the Eighth Amendment. *Helling v. McKinney*, 509 U.S. 25, 31

3    (1993). "After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes

4    cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S.

5    312, 319 (1986) (ellipsis in original) (internal quotation and citation omitted). When prison

6    officials stand accused of using excessive force in violation of the Eighth Amendment, the core

7    judicial inquiry is whether force was applied in a good-faith effort to maintain or restore

8    discipline, or maliciously and sadistically to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 6

9    (1992); *Whitley*, 475 U.S. at 320-21. In determining whether the use of force was for the purpose

10   of maintaining or restoring discipline, or for the malicious and sadistic purpose of causing harm, a

11   court may evaluate the need for application of force, the relationship between that need and the

12   amount of force used, the extent of any injury inflicted, the threat reasonably perceived by the

13   responsible officials, and any efforts made to temper the severity of a forceful response. *Hudson*,

14   503 U.S. at 7.

15   In the original complaint, plaintiff alleged that correctional officers confiscated his

16   medically necessary sunglasses and then went to his cell and disposed of his contact lenses,

17   cleaning solution, vest, books, and other personal items. Plaintiff also stated that on February 7,

18   2013, while discussing the confiscation of his property, Correctional Officer Avilar harassed him

19   and another officer handcuffed him. Plaintiff was previously informed that the disposal of his

20   property did not state a federal claim because California provides a post-deprivation remedy, but

21   he was given leave to amend.

22   In the amended complaint, plaintiff repeats the same claim regarding his personal property,

23   which will be dismissed with prejudice for failure to state a claim. However, plaintiff now states

24   that on February 7, 2014, Correctional Officer Avilar twisted his arm, punched him in the stomach

25   and kicked him in the back while he was on the ground. These allegations are sufficient to

26   proceed against Avilar. Plaintiff also states that another correctional officer would not take off

27   plaintiff's restraints and then spit in his face, but plaintiff does not describe the circumstances

28

surrounding this encounter or why he was in restraints.  Therefore, this defendant will be dismissed.

## CONCLUSION

1.       All defendants and claims are dismissed from this action except for the excessive force claim against Avilar.

2.       The clerk shall issue a summons and the United States Marshal shall serve[2], without prepayment of fees, copies of the complaint with attachments and copies of this order on the following defendant: A. Avilar, correctional officer at Correctional Training Facility in Soledad, CA.

3.       In order to expedite the resolution of this case, the court orders as follows:

a.       No later than sixty days from the date of service, defendant shall file a motion for summary judgment or other dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue.  If defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the court prior to the date his summary judgment motion is due.  All papers filed with the court shall be promptly served on the plaintiff.

b.       At the time the dispositive motion is served, defendant shall also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be given at the time motion for summary judgment or motion to dismiss for nonexhaustion is filed, not earlier); *Rand* at 960 (separate paper requirement).

c.       Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendant no later than thirty days from the date the motion was served

---

[2] While plaintiff paid the filing fee for this action, he later submitted an application to proceed in forma pauperis (Docket No. 8) which indicates that he cannot afford to hire a process server, therefore the United States Marshal has been directed to serve the complaint.

United States District Court
Northern District of California

upon him.  Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

If defendant files a motion for summary judgment claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).

d.       If defendant wishes to file a reply brief, he shall do so no later than fifteen days after the opposition is served upon him.

e.       The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

4.       All communications by plaintiff with the court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

5.       Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

6.       It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He also must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated:  July 9, 2014

_____
JAMES DONATO
United States District Judge

14-cv-00954-JD-_serve

United States District Court
Northern District of California

1

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

2     If defendants move for summary judgment, they are seeking to have your case dismissed.

3  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if

4  granted, end your case.

5     Rule 56 tells you what you must do in order to oppose a motion for summary judgment.

6  Generally, summary judgment must be granted when there is no genuine issue of material fact--

7  that is, if there is no real dispute about any fact that would affect the result of your case, the party

8  who asked for summary judgment is entitled to judgment as a matter of law, which will end your

9  case.  When a party you are suing makes a motion for summary judgment that is properly

10  supported by declarations (or other sworn testimony), you cannot simply rely on what your

11  complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to

12  interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts

13  shown in the defendant's declarations and documents and show that there is a genuine issue of

14  material fact for trial.  If you do not submit your own evidence in opposition, summary judgment,

15  if appropriate, may be entered against you.  If summary judgment is granted, your case will be

16  dismissed and there will be no trial.

17

**NOTICE -- WARNING (EXHAUSTION)**

18     If defendants file a motion for summary judgment for failure to exhaust, they are seeking

19  to have your case dismissed.  If the motion is granted it will end your case.

20     You have the right to present any evidence you may have which tends to show that you did

21  exhaust your administrative remedies.  Such evidence may be in the form of declarations

22  (statements signed under penalty of perjury) or authenticated documents, that is, documents

23  accompanied by a declaration showing where they came from and why they are authentic, or other

24  sworn papers, such as answers to interrogatories or depositions.

25     If defendants file a motion for summary judgment for failure to exhaust and it is granted,

26  your case will be dismissed and there will be no trial.

27

28