UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANLETT EUGENE KIMMONS,<br>　　　　　Plaintiff,<br>　　v.<br>A. AVILAR,<br>　　　　　Defendant. | Case No. 14-cv-00954-JD<br><br>**ORDER DENYING MOTION TO DISMISS WITHOUT PREJUDICE**<br><br>Re: Dkt. Nos. 82, 92 |

Plaintiff, a pro se former state prisoner and current detainee, proceeds with a civil rights action under 42 U.S.C. § 1983. This action continues on the second amended complaint (Docket No. 13) alleging that defendant Avilar used excessive force against plaintiff on February 7, 2014, after a discussion concerning plaintiff's contact lenses and the use of a vest designating him as vision impaired. Defendant has filed a motion to dismiss due to plaintiff's failure to prosecute and participate in discovery and a separate motion for summary judgment. Plaintiff filed an opposition and defendant filed a reply. The motion to dismiss is denied without prejudice.

## BACKGROUND

The Court ordered service on defendant Avilar on July 9, 2014, and an answer was filed on December 23, 2014. Docket Nos. 14, 25. On March 9, 2015, defendant filed a notice that plaintiff had been released from prison and had indicated that he would like to participate in a settlement conference. Defendant agreed that a settlement conference would be productive. Docket No. 27. The case was stayed on April 23, 2015, and referred to Magistrate Judge Vadas for settlement proceedings. Docket No. 30.

The parties appeared at a telephonic scheduling conference on August 11, 2015, with Judge Vadas, and a settlement conference was scheduled for December 30, 2015. Docket No. 39.

On December 30, 2015, the parties, defense counsel and counsel for the CDCR Office of Legal Affairs appeared. Docket No. 39; Motion to Dismiss ("MTD") Young Decl. ¶ 3. Plaintiff advised Judge Vadas that he was in the process of obtaining legal counsel. Young Decl. ¶ 3. The settlement conference was then vacated. *Id.*; Docket No. 39.

Plaintiff did not retain counsel but filed a boilerplate motion to appoint counsel with the Court on January 19, 2016. Docket No. 40. The motion was denied. Docket No. 46. A telephonic status conference was held on February 23, 2016. Docket No. 47. Plaintiff stated that he planned to appeal the denial of the motion to appoint counsel. Young Decl. ¶ 4.

A further telephonic status conference was held on March 22, 2016. Docket No. 48. Plaintiff's wife appeared and noted that plaintiff was being held on a 90-day probation violation and would be released in May 2016. Young Decl. ¶ 5. A further telephonic status conference was held on June 28, 2016. Docket No. 49. Plaintiff did not appear. Young Decl. ¶ 6. Judge Vadas concluded the conference by setting one final status conference and stating that if plaintiff did not appear for it the case would be referred back to the Court with a recommendation to dismissing the case for failure to prosecute. *Id.*

Plaintiff appeared at the next telephonic status conference, held on July 26, 2016, at which at which a settlement conference was scheduled for December 14, 2016. Docket Nos. 50, 51. On December 13, 2016, Judge Vadas vacated the settlement conference after learning that plaintiff was unavailable. Docket No. 59.

A telephonic status conference was held on January 17, 2017, with plaintiff still in Yolo County Jail. Docket No. 61; Young Decl. ¶ 7. Defense counsel told Judge Vadas that they were unable to make a settlement offer because plaintiff had not provided any medical or billing records, witness names, nor had he made a further settlement demand. Young Decl. ¶ 7. Defense counsel requested that the case be referred back to the Court so a motion to dismiss for plaintiff's failure to prosecute could be filed. *Id.* Judge Vadas denied the request and instead allowed defendant an opportunity to serve written discovery upon plaintiff and take his deposition. *Id.*

On January 19, 2017, defense counsel served an initial set of written discovery requests upon plaintiff. Young Decl. Exs. B, C. Defense counsel also sent plaintiff a letter requesting a

further settlement demand. *Id*. Ex. D. Defense counsel also noticed plaintiff's deposition for March 6, 2017, a date that provided plaintiff an opportunity to respond to discovery first. *Id*. Ex. E. Defense counsel also sent plaintiff an additional letter on February 21, 2017 advising him of the upcoming deposition and the importance of responding to the written discovery requests. *Id*.

Plaintiff never responded to the written discovery requests, so the deposition was taken off calendar. *Id*. Ex. F. Defense counsel informed plaintiff that he would either seek an order directing plaintiff to respond to the discovery or request the case be referred back to the Court with recommendations to dismiss the case for failure to prosecute. *Id*.

A further telephonic status conference was held on March 14, 2017. Docket No. 62. Judge Vadas declined to issue any orders concerning discovery or to terminate settlement proceedings and ordered the parties to meet and confer in person. *Id*. Defense counsel met with plaintiff in person at Yolo County Jail on March 17, 2017. Young Decl. ¶ 12. At the meeting plaintiff agreed to serve full responses to the written discovery requests within two weeks, and defense counsel sent plaintiff a letter confirming what they discussed. Young Decl. Ex. G. Plaintiff also spent a great deal of time during the meeting discussing issues not pertinent to his civil case, such as an "illegal sentence" in his criminal case, an improper classification as a sex offender, and his desire to obtain compensation for others who had been mistreated by law enforcement. Young Decl. ¶ 13. Defense counsel informed plaintiff that these issues were not relevant and would not be permitted to be discussed should the case proceed to trial. Young Decl. ¶¶ 13, 14.

A further telephonic status conference was held on March 28, 2017, to discuss the discovery requests, and another status conference was scheduled. Docket No. 63. Defense counsel never received the written discovery requests from plaintiff, yet still took his deposition on April 12, 2017. Young Decl. Ex. A. At the deposition plaintiff stated that he had mailed the discovery responses but that guards at Yolo County Jail were tampering with his mail. *Id*. at 138-40.

On May 9, 2017, defense counsel sent plaintiff another letter instructing him to re-send the discovery responses and to keep records of any officers who assisted him so they could be

3

investigated if the responses went missing. Young Decl. Ex. H. Plaintiff failed to respond to this letter and never provided responses to the discovery request. Young Decl. ¶ 16.

Defense counsel submitted a second discovery request to plaintiff that specifically followed up on answers he provided at the deposition. Young Decl. ¶ 17. Plaintiff failed to respond to the second set of discovery requests. On June 29, 2017, defense counsel sent plaintiff a letter saying that he would be personally visiting the jail to pick up plaintiff's discovery responses. Young Decl. Ex. K. On July 25, 2017, defense counsel visited the jail to obtain the discovery responses. Young Decl. ¶ 19. Plaintiff stated that he had not responded to the discovery requests because he had no pen or access to a copier, and he feared that his answers in pencil could be altered *Id*. Defense counsel suggested that plaintiff write his answers and then contact him so that he could have the jail make two copies and give one copy to plaintiff. *Id*. ¶ 20. Plaintiff stated he would do this. *Id*. Defense counsel sent an additional letter describing this procedure to plaintiff, yet plaintiff never contacted defense counsel to have the copies made. *Id*.

After a further telephonic status conference, a settlement conference was scheduled for October 19, 2017. Docket No. 74. The settlement conference was attended by defense counsel, counsel for CDCR's Office of Legal Affairs, plaintiff and Judge Vadas. Docket No. 78. The settlement conference lasted one hour and eighteen minutes. *Id*. Plaintiff again discussed his sentence and other topics not relevant to the case, such as his belief that the mass shooting in Las Vegas was connected to his case. Young Decl. ¶ 23. When plaintiff was asked to provide any additional facts or witnesses that supported his case, he stated it would be up to "the people" to decide. *Id*. ¶ 24. His only settlement demand was for $999,999,999. *Id*. The case did not settle. Docket No. 78.

On October 26, 2017, the Court lifted the stay and ordered defendant to file a motion for summary judgment or other dispositive motion. Docket No. 79. On October 31, 2017, defense counsel sent a letter to plaintiff with a copy of all the discovery requests and described the attempts made to obtain them. Young Decl. Ex. M. Plaintiff was informed that if he did not respond to the discovery requests, defense counsel would file a motion to dismiss for failure to prosecute. *Id*.

4

Plaintiff did not submit any discovery responses to defense counsel. Young Decl. ¶ 27. The motion to dismiss and motion for summary judgment was filed on December 22, 2017. Docket No. 82. On January 12, 2018, plaintiff mailed a copy of defendant's initial request for production to the Court along with several pages of his medical records that defendant had already subpoenaed. Docket No. 85; Reply at 1. The incident in this case occurred on February 7, 2014, and defendant's request for production had been for documents related to health care treatment resulting from the incident. *Id*. The pages plaintiff submitted reflect medical charges from 2011 and 2012 that have no relation to the incident in this case. *Id*.

Plaintiff failed to file an opposition, so, on March 1, 2018, the Court reminded plaintiff to file an opposition or else the case could be dismissed. Docket No. 89. Plaintiff filed an opposition on April 6, 2018, that only briefly addressed the motion to dismiss for failure to prosecute. Docket No. 91.[1] Plaintiff makes no reference in the opposition to his failure to reply to the discovery requests or that the one discovery-related filing he sent to the Court in 2018 failed to respond to defendant's requests and was not relevant.

**DISCUSSION**

Even with allowances made for plaintiff's status as a pro se and incarcerated party, he has failed to litigate his case in a responsible and timely manner. Plaintiff's multiple defaults and overall lack of cooperation with opposing counsel and the Court warrant immediate termination of the action. Nevertheless, the Court will give plaintiff one last chance to prosecute his claims. To avoid dismissal for failure to prosecute this action, plaintiff must provide complete responses to defendant's discovery requests within 60 days of the date of this order. The responses must directly address the substance of the discovery requests and the facts at issue in the complaint. Detours and asides such as the production of medical reports from several years prior to the incident are unacceptable and will not count as a proper response to the pending discovery. If defendant notices a deposition, plaintiff must appear for it and be prepared to testify. **Failure to comply with these requirements will result in dismissal of the action with prejudice under**

---

[1] Plaintiff does not dispute the facts and background set forth above.

5

**FRCP Rule 41(b) for failure to prosecute and failure to comply with the Court's orders.** Plaintiff may not file any requests for reconsideration or clarification of this order, or any statement of objections. Defendant may bring a motion to dismiss or for summary judgment as circumstances warrant after the completion of the 60-day discovery period.

**IT IS SO ORDERED.**

Dated: June 19, 2018

JAMES DONATO
United States District Judge

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANLETT EUGENE KIMMONS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>A. AVILAR,<br><br>　　　　Defendant. | Case No. 14-cv-00954-JD<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 19, 2018, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Branlett Eugene Kimmons
140 A Tony Diaz Drive
Woodland, CA 95776

Dated: June 19, 2018

　　　　　　　　　　　　　　　　　　Susan Y. Soong
　　　　　　　　　　　　　　　　　　Clerk, United States District Court

　　　　　　　　　　　　　　　　　　By: _/s/ Lisa R. Clark_
　　　　　　　　　　　　　　　　　　LISA R. CLARK, Deputy Clerk to the
　　　　　　　　　　　　　　　　　　Honorable JAMES DONATO